UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHIRLEY HUDAK; JOSEPH JOHN HUDAK,
Plaintiffs-Appellants,

v.                                                              No. 96-1279

HOLMAN C. RAWLS, III, D.D.S.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-95-925-2)

Argued: January 29, 1997

Decided: March 6, 1997

Before RUSSELL and WILKINS, Circuit Judges, and HERLONG,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Miriam Weizenbaum, DELUCA & WEIZENBAUM,
LTD., Providence, Rhode Island, for Appellants. Anisa Patrice Kel-
ley, MCCONNELL & ASSOCIATES, Glen Allen, Virginia, for
Appellee. **ON BRIEF:** Malcolm P. McConnell, III, MCCONNELL
& ASSOCIATES, Glen Allen, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shirley Hudak appeals the district court's order granting summary judgment to Dr. Holman Rawls, III, D.D.S. The district court held that the statute of limitations had run on Hudak's medical malpractice claim against Dr. Rawls. We affirm.

I.

Hudak suffers from temporomandibular joint disorder. In August, 1992, she began seeing Dr. Rawls who held himself out to be a maxillofacial surgeon. On July 15, 1993, Dr. Rawls referred Hudak to Dr. Graham, D.D.S. Dr. Graham operated on Hudak on August 23, 1993, and gave her post-operative care until October 5, 1993.

Dr. Rawls's records indicate that he last saw Hudak on August 17, 1993. Hudak states that she telephoned Dr. Rawls on August 23, 1993, the day of her surgery, and that Dr. Rawls told her to continue taking pain medication that he had previously prescribed.

On October 28, 1993, Hudak began treatment with Dr. Gregory, a new maxillofacial surgeon with no ties to Dr. Graham or Dr. Rawls. On September 14, 1995, Hudak filed this action in the United States District Court for the Eastern District of Virginia asserting federal jurisdiction under 28 U.S.C. § 1332(a)(1). She alleged that during his course of treatment, Dr. Rawls failed to advise her of the need to remove temporary temporomandibular implants which another doctor had previously implanted.

II.

Summary judgment is appropriate when there is no genuine issue of material fact to be decided by the trier of fact and the moving party

2

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 115 S. Ct. 67 (1994). Any disputed fact or disagreement in the evidence must be construed in the light most favorable to the non-movant. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). We review a district court's grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

III.

The filing of Hudak's claim is controlled by the two-year statute of limitations for personal injuries set forth in § 8.01-243 of the Virginia Code. The commencement of the limitations period is subject to the "continuing treatment rule" which states:

> [W]hen malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

Farley v. Goode, 252 S.E.2d 594, 599 (Va. 1979) (citations omitted). Accordingly, the statute of limitations in the instant case began to run when Dr. Rawls completed his course of examination and treatment.

Hudak admits that her last contact with Dr. Rawls was a phone conversation on August 23, 1993. This conversation occurred more than two years before she filed suit in September, 1995. However, at oral argument, Hudak's counsel argued that Dr. Rawls continued his course of examination and treatment by telling Hudak, over the phone, to continue taking the pain medication that he had previously prescribed. Essentially, Hudak's counsel argued that Rawls's course of examination and treatment did not terminate until Hudak consumed the prescription. No Virginia case has interpreted the continuing treatment rule so broadly.

3

Next, Hudak argues that under Virginia law, when two physicians jointly treat a patient, the statute of limitations does not begin to run until both physicians complete their treatment. Accordingly, Hudak argues that Dr. Rawls's course of examination and treatment did not end until Dr. Graham completed his treatment in October.

To support her argument, Hudak cites Grubbs v. Rawls, 369 S.E.2d 683 (Va. 1988), and Justice v. Natvig, 381 S.E.2d 8 (Va. 1989). However, neither of these cases helps her position. In Grubbs, both doctor-defendants performed post-operative treatment within two years of receiving notice of Grubbs's claim. Grubbs, 369 S.E.2d at 684-87. Therefore, there was no need for the court to extend the continuing treatment rule by tolling the statute of limitations on the first doctor until the second doctor terminated treatment. Similarly, in Justice, the court specifically found that the original negligent physician had seen the plaintiff every year for eight years. Justice, 381 S.E.2d at 10. Accordingly, there was no need for the court to toll the statute of limitations until all of the interim referral physicians had terminated their treatment.

Finally, even if Hudak's interpretation of Virginia law were correct, her claim would still fail because there is no evidence that Dr. Graham and Dr. Rawls jointly treated Hudak.

For the reasons stated above, we hold that the district court did not err in concluding that Virginia's personal injury statute of limitations barred Hudak's claim.

AFFIRMED

4